## WACHSMAN v. ROBACZYNSKI MACH. CORPORATION.

No. 8181.

District Court, E. D. New York.

May 10, 1938.

John L. Ketcham, of New York City, for plaintiff.

Harry Price, of New York City, for defendant.

ABRUZZO, District Judge.

Plaintiff claims validity of letters patent No. 1,358,483, granted November 9, 1920, and infringement of claim No. 1 of said patent. This claim reads as follows: "1. In a stop mechanism for knitting machines, a suitable support, a lever pivoted thereto provided with a slot, a hooked member having its nose or end normally extending through the slot, a source of electrical energy, an electromagnet, a trip actuatable thereby, and a leaf spring in circuit with the source of electrical energy and magnet and co-operating with the pivoted lever so that the latter may make and break the circuit depending on the position of the hooked member with reference to the slot in said lever, whereby, when the lever is in engagement with the spring, the electromagnet is energized and the trip actuated, and when the lever is disengaged from the spring the circuit is broken."

The patent is for an automatic stop mechanism for knitting machines.

Defendant denies infringement and pleads the patent is invalid because of (1) prior use, and (2) prior patents indicate anticipation and lack of novelty.

In the knitting industry when a knot, break or defect occurs in the thread as it travels from the spool to the machine, it is desirable that some kind of a mechanism be attached that causes the machine to stop automatically. The plaintiff's invention is a stop motion box with a coiled spring that is so fixed to the machine that any knot, break or defect causes this stop motion box or device to close the electric circuit which in turn stops the knitting machine.

This same patent was before this Court on a previous occasion, 42 F.2d 869, and in its decision the Circuit Court of Appeals, Second Circuit, upheld the plaintiff's patent. However, it construed the patent narrowly as evidenced by its opinion, which partially reads as follows: "Wachsman secured a narrow patent, and we hold that in view of the state of the art, it was limited to a *fixed hooked member* and *a slotted member embracing the former.*" Wachsman v. Wachsman, 47 F.2d 579, 582.

Defendant in its defense has not produced any evidence to indicate that this decision should be disturbed. Claim No. 1 of the plaintiff's patent is therefore upheld but only within the language of the opinion of the Circuit Court as indicated.

The defendant's device is clearly an infringement. The stop motion box made by the defendant was exactly similar to that made under the plaintiff's patent. The only essential difference is that the defendant uses a flat spring in his stop motion box while under plaintiff's patent a coiled spring is used.

 The plaintiff is entitled by his patent to a range of equivalents broad enough to protect the invention of the patent in suit. The substitution of an equivalent in a combination by the defendant does not avert a charge of infringement.

Plaintiff is therefore entitled to a decree. Settle decree on two (2) days' notice.